# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**GREGORY D. HOOKS, JR.**                                                    **PLAINTIFF**

v.                                                       **CIVIL ACTION NO. 3:16-CV-00187-CRS**

**STATE OF KENTUCKY** *et al.*                                               **DEFENDANTS**

## MEMORANDUM OPINION

This is a civil rights action brought by a former pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF COMPLAINT

Plaintiff was formerly incarcerated at Hardin County Detention Center (HCDC) as a pretrial detainee. He purports to bring this action on behalf of himself and the "inmates of HCDC." In the caption of the complaint, he lists as Defendants the State of Kentucky, Hardin County Detention Center, Hardin County Circuit Court (9th Judicial Court), Commonwealth of Kentucky (Hardin County), and the "Justice System of Kentucky."[1]

Plaintiff alleges that HCDC violated his rights from October 6, 2015, until March 11, 2016. He states that inmates were only allowed to use the law library when it was convenient for HCDC. He also states that HCDC charged inmates a $30.00 fee for housing and fees for

---

[1] Plaintiff also lists as defendants in the body of the complaint but not in the caption, the "Grand Jury of Hardin County Circuit Court (9th Judicial Court)," Judge Executive Harry Barry, Jailer Danny Allen, Judges Ken Howard and Mark Easton, Prosecutor Teresa Logsdon, and Chief Justice Minton. However, according to Rule 10(a) of the Federal Rules of Civil Procedure "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. *The title of the complaint must name all parties*; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." (emphasis added). Because these individuals are not listed in the caption of the complaint, they are not properly named defendants and are not parties to this action.

"communication and hygiene items." He continues: "According to their handbook we should be given those items without being charged for them." Plaintiff also alleges that inmates do not get to speak to counsel in a timely fashion.

With regard to the "Justice System and Legal System of Kentucky," Plaintiff writes that ". . . there is not an equal playing field." He states that "when charges are the same but in a different county, the outcome of the cases should be the same and all." Plaintiff also states that in Hardin County:

> their bond rules and conditions are really unconstitutional. Everyone should have reasonable bond where they can post the bond or given the opportunity to be fit for an unsecure bond as you do in other counties. There has to be standards and requirements that every county has to play by and has to be level throughout the state.

With regard to the "Hardin Circuit Court (9th Judicial District)," Plaintiff states as follows:

> These court–room has took many of cases with being prejudice to some individuals. The prosecutors and Grand Jury will indict you with little to no evidence of the charges. They will press you into taking a deal so they can have you in their legal system. Their has been many cases that people are completely overcharged for their crimes and, yes, I am one of those people. I have been taken away from my family because of a charge of a felony that should only be a misdemeanor. Due to the fact of many case and statutes of this state or even the county, I should not be charged even close to this much less without a cause to really convict me of the charge. I feel like my rights have been violated cause I don't have a criminal past and my race plays a part. There is no equalities in this county court.

As relief, Plaintiff states that he is seeking $5,500.00 in monetary damages and "charges dropped/or amended down."

## II. LEGAL STANDARD

Upon review under 28 U.S.C. § 1915(e)(2), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which

2

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments

and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. CLAIMS ON BEHALF OF OTHER INMATES AT HCDC

In his complaint, Plaintiff states that he is bringing this action on behalf of himself and the "inmates of HCDC." However, because no other inmate signed the complaint, Mr. Hooks is the only plaintiff before the Court. In addition, 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ." The statute, however, "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (advising that § 1654 "does not allow for unlicensed laymen to represent anyone else other than themselves") (citation omitted). Thus, because Plaintiff is proceeding *pro se*, he cannot bring claims on behalf of other inmates.

## B. CLAIMS AGAINST HARDIN COUNTY

### 1. CHARGE FOR ROOM AND BOARD AND OTHER SERVICES

Plaintiff alleges that HCDC charged inmates "$30.00 as a housing fee" and additional fees for "communication and hygiene items." He states that: "According to their handbook we should be given those items without being charged for them."

Courts have generally held that charging inmates for room and board to defray costs of incarceration fails to state an actionable constitutional claim under the Eighth Amendment Excessive Fines Clause or the Fourteenth Amendment Due Process Clause. *See Harper v. Oldham Cty. Jail*, No. 11-5517, 2011 U.S. App. LEXIS 26511 (6th Cir. Dec. 15, 2011) (holding no constitutional violation where jail deducted $ 30 per diem from plaintiffs' canteen account); *Sickles v. Campbell Cty.*, 501 F.3d 726 (6th Cir. 2007) (holding no constitutional violation where county jails charged all inmates, including pretrial detainees, up to $20 per day for room and board and withheld up to one quarter of funds in inmate's canteen accounts to cover the fees); *see also Slade v. Hampton Rd. Reg'l Jail*, 407 F.3d 243, 251-53 (4th Cir. 2005) (finding no actionable procedural due process claim for charging pretrial detainee room and board fee); *Jones v. Clark Cty.*, No. 5:15-cv-350-JMH, 2016 U.S. Dist. LEXIS 31976 (E.D. Ky. Mar. 11, 2016) (following the Sixth Circuit's holding in *Harper* and noting that the Sixth Circuit makes no distinction between pretrial detainees and convicted prisoners regarding jail fees); *Waters v. Bass,* 304 F. Supp. 2d 802, 807-08 (E.D. Va. 2004) (the imposition of a room and board fee amounts to neither cruel nor unusual punishment under the Eighth Amendment).

In addition, to the extent that Plaintiff complains that inmates are charged for "hygiene items," there is nothing unconstitutional about charging inmates for medical care or commissary products as long as there are no serious needs going unmet due to an inability to pay. *See Bailey*

*v. Carter*, 15 F. App'x 245, 250 (6th Cir. 2001) (holding that Ohio law requiring fees for inmate medical visits did not violate Eighth or Fourteenth Amendments); *Knuckles v. Almli*, No. 2:07-CV-68, 2007 WL 2480511, at *2 (W.D. Mich. Aug. 29, 2007) ("Plaintiff's inability resulting from his unemployment to buy soap, toothpaste and deodorant does not amount to a denial of "the minimal civilized measure of life's necessities, but is instead 'unpleasant.'").

Plaintiff also complains that inmates are charged for "communication." In *Terry v. Calhoun Cty. Corr. Facility*, a district court construed a claim regarding exorbitant charges for phone calls as a claim arising under the First Amendment. No. 1:12-cv-347, 2012 U.S. Dist. LEXIS 150514 (S.D. Mich. Oct. 19, 2012). The court noted as follows:

> Federal courts, including this Court, have consistently rejected First Amendment claims challenging high telephone rates on grounds that prisoners are not entitled to a specific rate for telephone calls and that prisoners failed to allege that the rates were so exorbitant as to deprive them of telephone access altogether. *See, e.g., Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) ("There is no authority for the proposition that prisoners are entitled to a specific rate for their telephone calls and the complaint alleges no facts from which one could conclude that the rate charged is so exorbitant as to deprive prisoners of phone access altogether."); *Semler v. Ludeman*, No. 09-0732, 2009 U.S. Dist. LEXIS 122567, 2010 WL 145275, at *15 (D. Minn. Jan. 8, 2010) (dismissing a claim that telephone rates were expensive because involuntarily committed sex offenders "do not have a First Amendment right to a specific rate for their telephone calls," and the plaintiffs "made no allegation that they are precluded from making telephone calls given the rate charged"); . . . *Riley v. Doyle*, No. 06-C-574-C, 2006 U.S. Dist. LEXIS 75526, 2006 WL 2947453, at *4 (W.D. Wis. Oct. 16, 2006) ("[T]elephone rates charged to institutionalized persons do not implicate the First Amendment no matter how exorbitant they may be.").

*Id*. at *8-9. Here, because Plaintiff has not alleged that he was unable to make telephone calls or otherwise communicate with family and friends due to exorbitant rates, the Court concludes that he has failed to state a claim under the First Amendment.

Finally, to the extent that Plaintiff claims that his rights were violated because HCDC did not follow the policy set forth in its "handbook," the Court notes that any alleged failure to

comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 U.S. App. LEXIS 9509, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

For these reasons, the Court concludes that Plaintiff has failed to state a constitutional claim against Hardin County related to the fees HCDC charges for various services and products or for violations of its handbook.

### 2. RESTRICTED ACCESS TO LAW LIBRARY AND COUNSEL

Plaintiff also alleges that HCDC restricted inmates' access to the law library and their counsel. Prisoners have a constitutional right of access to the courts. *Lewis v. Casey,* 518 U.S. 343 (1996). However, an inmate who claims his access to the courts was denied *merely* because he was denied access to the prison library fails to state a claim. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). Rather, the inmate "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a [non-frivolous] legal claim." *Lewis*, 518 U.S. at 351. In other words, a plaintiff must demonstrate an actual injury. *Id.* He must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Lewis*, 518 U.S. at 356 (advising that no actual injury occurs without a

showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented"). *See also Ford v. Kennerly*, No. 1:16-cv-243, 2016 U.S. Dist. LEXIS 70335, at *69-70 (W.D. Mich. May 31, 2016) (finding that plaintiff failed to state a claim where prison officials allegedly interfered with his ability to communicate with an attorney because plaintiff had failed to show actual injury to pending or contemplated litigation). Thus, because Plaintiff has alleged no actual injury to pending or contemplated litigation, the Court finds that he has failed to state a constitutional claim based upon restricted access to the law library or counsel while incarcerated at HCDC.

### C. CLAIMS AGAINST STATE DEFENDANTS

Plaintiff's remaining claims are against the Commonwealth of Kentucky, Hardin County Circuit Court, and the "Justice System of Kentucky."

Upon review, the Court concludes that the claims against these Defendants must be dismissed on two bases. First, a state, its agencies, and its officials are not "persons" subject to suit under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against these Defendants. A state, its agencies, and its officials may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Kentucky v. Graham,* 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 124 (1984); *Alabama v. Pugh,* 438 U.S. 781, 782 (1978). In enacting § 1983, Congress did not intend to override the traditional sovereign

immunity of the states. *Whittington v. Milby,* 928 F.2d 188 (6th Cir. 1991) (citing *Quern v. Jordan,* 440 U.S. 332 (1979)).

### D. RELIEF SOUGHT

Finally, Plaintiff states in his complaint that he seeks relief not only in the form of damages, but that he would also like his "charges dropped /or amended down." However, this Court cannot order that Plaintiff's state criminal charges be dismissed or otherwise interfere in those proceedings. Under the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Sixth Circuit has explained that "[t]he Act thereby creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,' which are set forth in the statutory language." *Andreano v. City of Westlake*, 136 F. App'x 865, 879-80 (6th Cir. 2005) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). Federal injunctions against state criminal proceedings can be issued only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971) (internal quotation marks and citation omitted). The Supreme Court has emphasized that:

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 46. Irreparable injury may be found only where the statute under which the Plaintiff is charged is "flagrantly and patently violative of express constitutional prohibitions, or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for

9

equitable relief." *Mitchum v. Foster*, 407 U.S. 225, 231 (1972).  In this case, Plaintiff does not allege any unusual or extraordinary circumstances that cannot be addressed through his defense in the criminal proceeding.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's action will be dismissed by separate Order pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking monetary relief from a defendant who is immune from such relief.

Date: August 4, 2016

**Charles R. Simpson III, Senior Judge**
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Hardin County Attorney
4411.011